IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK CHRISTOPHER TRACY,<br><br>                   Plaintiff,<br>v.<br><br>VAIL RESORTS, INC d/b/a Park City Mountain Resorts, and DOES 1-20,<br><br>                   Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:21-cv-250 TC<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant Vail Resorts, Inc., d/b/a Park City Mountain Resort's, Motion to Dismiss. (ECF No. 6.) Vail Resorts seeks to dismiss pro se Plaintiff Mark Tracy's Complaint for failure to state a claim upon which relief may be granted under Federal Rule 12(b)(6). As set forth herein, the undersigned recommends that the motion be granted and this matter dismissed.[1]

## BACKGROUND

Plaintiff who is proceeding pro se, is a former Public Safety Officer who worked at Park City Mountain Resort. Mr. Tracy asserts Defendant retaliated against him in violation of his civil rights, 42 U.S.C. § 2000c-3(a) (Title VII), by suspending and terminating his employment when he documented hazardous working conditions, and "imminent threat of grave bodily harm." Complaint p.1, ECF No. 1.

Mr. Tracy alleges that around January 1, 2020, following two "widely-publicized fatalities at the Park City Mountain Resort", he "began documenting unsafe and hazardous

---

[1] The case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) from Judge Tena Campbell. The court elects to decide the motion on the basis of the written memoranda. DUCivR 7-1.

working conditions" at the Resort. *Id.* ¶ 9. These included (1) "illicit drug use on company property by Vail Resorts employees;" (2) "open and accessible alcoholic beverages . . . after hours;" and (3) "improper operation of heavy machinery during severe winter conditions near pedestrians during hours of darkness" by Defendant's employees. *Id.* Plaintiff avers that he verbally informed the Resort's Public Safety Manager, Nicole Caito, of these problems.

A few months later in March 2020, Ms. Caito informed Mr. Tracy that he was suspended due to "time discrepancies." *Id.* ¶ 10. The next day, March 5, 2020, Ms. Caito told Plaintiff that he was "let go" for allegedly sitting on furniture in the hotel lobby area during the overnight shift on an unspecified date and time. *Id.* ¶ 11. Mr. Tracy alleges he was fired as pretext in order to prevent further documentation of hazardous working condition. Subsequently, in September 2020, Mr. Tracy filed a complaint with the Utah Labor Commission and the Equal Employment Opportunity Commission. *Id.* ¶ 15. In response to these complaints, Ms. Caito failed to provide Plaintiff "with an explanation for other employees not of the same protected class not being terminated for the same reason …." *Id.* ¶ 13. Mr. Tracy received a right-to-sue letter from the Equal Employment Opportunity Commission on January 22, 2021 and this suit followed.

Plaintiff seeks an injunction enjoining Defendants from engaging in retaliatory conduct against persons who document hazardous working conditions or threats of gave bodily harm. Plaintiff also requests back pay, a "rightful-place reinstatement or front pay", costs in bringing this action, compensation for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation", and punitive damages for "malicious and/or reckless conduct." *Id.* ¶ 21.

**STANDARD OF REIVEW**

Defendant moves to dismiss this action for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded allegations. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Because Plaintiff is proceeding pro se, the court construes the Complaint liberally. *See id.*; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that when a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [that standard applied to] formal pleadings drafted by lawyers."); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (noting the less stringent standards applied to a pro se complaint).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted). In other words, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A court may dismiss a complaint for failure to state a claim only if it concludes that "the plaintiff can prove no set of facts in support of his claim to entitle him to relief." *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986).

**DISCUSSION**

Mr. Tracy alleges Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII), and Title I of the Civil Rights Act of 1991 (Title I), by retaliating against him for documenting hazardous working conditions.[2]

Title VII prohibits discrimination on the basis of national origin, race, and sex in the terms and conditions of employment. 42 U.S.C. § 2000e–2(a). To set forth a plausible claim a plaintiff is not required to establish a prima face case in their complaint, but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the starting point is a discussion of the elements a plaintiff must prove to establish a claim for discrimination or retaliation under Title VII.

A plaintiff "proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Id.* Under the *McDonnel Douglas* framework a three-step analysis requires the plaintiff first prove a prima facie case of discrimination. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). To set forth a prima facie case of discrimination a plaintiff must demonstrate (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *See id.; Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir.1998) (setting forth the elements for a prima facie case). Once a plaintiff sets forth a prima facie case, the burden then shifts to the defendant to produce a legitimate, non-discriminatory

---

[2] The Civil Rights Act of 1991 prohibits all discrimination in employment based on race, gender, color, religious, or ethnic considerations. For purposes of Plaintiff's Complaint there is no material difference between his allegations of discrimination and retaliation brought under Title VII or Title I.

reason for the adverse employment action. See *Garrett*, 305 F.3d at 1216. If the defendant meets its burden, the burden then shifts once again back to the plaintiff to show that the plaintiff's protected status was a "determinative factor in the employment decision or that the employer's explanation is pretext." *Khalik*, 671 F.3d at 1192.

Title VII also prohibits an employer from retaliating against an employee for opposing an unlawful employment practice such as discrimination based on race, color, religion, sex, or national origin. "A plaintiff establishes a prima facie case of retaliation by showing: (1) he or she is engaged in protected opposition to discrimination; (2) he or she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action." *Kendrick*, 220 F.3d at 1234. The Tenth Circuit has held that a Title VII retaliation claim may not survive if the claim is "based on an unreasonable good-faith belief that the underlying conduct violated Title VII." *Crumpacker v. Kansas Dept. of Human Res.*, 338 F. 3d 1163, 1171 (10th Cir. 2003) (citing *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)). In other words, to constitute protected activity, a plaintiff's belief that an employer violated Title VII must be both reasonable and made in good faith. The Tenth Circuit has explained, however, that the reasonableness of a plaintiff's belief does not turn on whether the employer's underlying conduct actually violated Title VII. Rather, the Tenth Circuit stated that "Title VII broadly protects an employee who reasonably believes he is opposing a practice made an unlawful practice by Title VII, whether or not an actual violation has occurred." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 926 (10th Cir. 2016) (citation omitted). See also *Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1015–16 (10th Cir. 2004) ("A plaintiff need not convince the jury that his employer had actually discriminated against him; he

need only show that when he engaged in protected opposition, he had a reasonable good-faith belief that the opposed behavior was discriminatory." (citation omitted)).

Defendant asserts Plaintiff's Complaint fails to offer facts supporting a plausible claim for either discrimination or retaliation. For example, Mr. Tracy does not allege to what protected class or classes he belongs. He does not plead facts suggesting he was treated less favorably than others in his protected class. Rather, Mr. Tracy alleges he reported some safety and or hazardous working conditions and then allegedly was terminated. The court agrees with Defendant's position. Even under a broad reading of Plaintiff's Complaint, it fails to meet the applicable standards for raising a claim of discrimination under Title VII. While Plaintiff need not establish a prima facie case, there must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Plaintiff's retaliation claim is likewise insufficient. There are no allegations that Mr. Tracy suffered an adverse employment action for opposing unlawful discrimination. While there are "no magic words", to "qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [Title VII]. *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2020). "[G]eneralized employment complaints" like those made by Plaintiff in this case, do not suffice. *Id.*

In an attempt to survive Defendant's motion, Plaintiff responds that he was engaging in protected activities involving his First Amendment Right to voice concerns. The court finds this line of reasoning unavailing because Title VII does not protect against adverse employment decisions from exercising a right to free speech. In fact, Plaintiff's reliance on *Supinger v. Virginia*, 167 F.Supp.3d 795, 812 (W.D. Va. 2016), undermines his own position because the *Supinger* court rejected this argument. That court stated:

> Complaints of an employee's threat to "public and workplace safety" is not Title VII protected activity, because it does not "participat[e] in an ongoing investigation or proceeding under Title VII ... [or] oppos[e] discriminatory practices in the workplace." Rather, they are merely generalized grievances about the workplace, and are not protected by Title VII.

*Id.* (internal citation omitted).

In addition, the other case cited to by Plaintiff is easily distinguishable from the current matter because it involved complaints about prohibited unlawful activities, not generalized grievances about the workplace. *See, e.g., Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59 (2d. Cir. 1992)* (noting complaints made to management regarding sexual harassment by a supervisor).

Next, while Plaintiff is correct that a complaint filed with the Utah Labor Commission or the EEOC is a protected activity, Plaintiff filed the complaints six months after termination of his employment. Thus these filings were not protected activities during the tenure of his employment with Defendant. And, there is no link before the court connecting those complaints with violations of Title VII prior to Plaintiff's termination. *See McGowan v. City of Eufala*, 472 F.3d 736, 744 (10th Cir. 2006) (discussing the "required link between the protected activity and subsequent adverse employment action").

Finally, while the preferred practice is to accord a pro se plaintiff notice and an opportunity to amend their complaint, a court may dismiss a case when it is ""obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."" *Curley v. Perry* 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)). Here it is patently obvious that Plaintiff could not prevail on the facts he has alleged. These facts do not fit within the

framework of a discrimination or retaliatory claim. Thus it would be futile to allow an opportunity to amend.[3]

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Defendant's Motion be GRANTED and this matter be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 October 2021.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] Mr. Tracy attempts to raise several other vague and conclusory arguments in his opposition brief, none of which have merit. These include allegations of a supplemental state law claim for unlawful conversion over which the court lacks jurisdiction once the Title VII claims are dismissed. And, what appears to be a claim for reverse race discrimination. Such a claim has been rejected where a plaintiff fails to point to "'background circumstances support[ing] the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Adamson v. Multi Cmty. Diversified Servs. Inc.*, 514 F.3d 1136, 1149 (10th Cir.2008) (citations omitted).