IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK CHRISTOPHER TRACY,<br><br>                 Plaintiff,<br><br>v.<br><br>VAIL RESORTS, INC. d/b/a Park City Mountain Resort; and DOES 1-20,<br><br>                 Defendants. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00250-TC-DBP<br><br>District Judge Tena Campbell<br>Chief Magistrate Judge Dustin B. Pead |

      Plaintiff Mark Tracy sued Defendant Vail Resorts, Inc. after he was fired from his job at the Vail-owned Park City Mountain Resort. Mr. Tracy alleged that Vail terminated his employment as retaliation against his reporting hazardous working conditions at the Resort. Vail moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6). The court referred this case to Chief Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). Judge Pead submitted an eight-page Report and Recommendation (R&R) (ECF No. 15), in which he recommends that the court grant Vail's motion and dismiss Mr. Tracy's complaint.

      Mr. Tracy filed a timely objection to Judge Pead's R&R. (ECF No. 16.) Accordingly, the court will "make a de novo determination" of the portions of the R&R to which Mr. Tracy objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Mr. Tracy makes three principal objections. First, he maintains that reporting hazardous working conditions at the Resort was indeed a Title VII protected activity. Second, he claims that as an employee over forty years old, he is a member of a protected class. Third, he asserts that the burden should now shift to Vail to "offer the Court a plausible reason for its decision to terminate" his job. (Obj. to R&R at 2, ECF No. 16.)

None of Mr. Tracy's objections hold water.  First, Title VII bans employers from terminating employees (1) because of the employee's "race, color, religion, sex, or national origin"; (2) because they have "opposed any practice made an unlawful employment practice by this subchapter"; or (3) because they have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).  Title VII applies to reporting sexual harassment or discrimination, but not hazardous working conditions.  See, e.g., Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59–60 (2006); Lounds v. Lincare, Inc., 812 F.3d 1208, 1233–34 (10th Cir. 2015); cf. Weil v. Carecore Nat., LLC, 833 F. Supp. 2d 1289, 1295 (D. Colo. 2011).  Even if Mr. Tracy had a good-faith belief that he was reporting Title VII violations, that belief was surely unreasonable; there is no possible reading of Title VII that supports his claim.  See Johnson v. Salt Lake City Sch. Dist., 499 F. Supp. 3d 1126, 1140–41 (D. Utah 2020).  Holding a patently unreasonable belief about what Title VII protects cannot defeat an otherwise proper motion to dismiss.

Second, while Mr. Tracy would be a member of a protected class for certain purposes, his status as an older worker has no bearing on his complaint.  He does not allege that Vail fired him because of his age, but because he reported hazardous working conditions.  His age is therefore irrelevant.  Third, Mr. Tracy's burden-shifting proposition is misplaced.  The McDonnell Douglas burden-shifting formula would be relevant if Mr. Tracy had a plausible claim under Title VII.  Because his Title VII claim was insufficient, Mr. Tracy's burden never shifted.

## ORDER

Judge Pead properly applied the law in this case.  The court discerns no error.  For that reason, the court ADOPTS the R&R (ECF No. 15) and DISMISSES the case.

/ / /

DATED this 4th day of November, 2021.

                                                              BY THE COURT:

                                                              TENA CAMPBELL
                                                              United States District Judge